**Eduardo Perez GUTIERREZ; Rebeca Lopez Lopez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70246.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eduardo Perez Gutierez, Azusa, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John S. Hogan, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Eduardo Perez Gutierrez and Rebeca Lopez Lopez, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. To the extent we have jurisdiction it is under 8 U.S.C. § 1252. We deny in part, dismiss in part, and grant in part the petition for review, and remand for further proceedings consistent with this memorandum disposition.

Petitioners' equal protection challenge to the constitutionality of the Nicaraguan Adjustment and Central American Relief Act is foreclosed by *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002).

As to petitioner Rebeca Lopez Lopez only, we lack jurisdiction to review the agency's determination that she did not establish the requisite hardship. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

As to petitioner Eduardo Perez Gutierrez only, an intervening change in the law requires us to remand the case. It is not possible to determine from the record if his departure in 1998 was a border turnaround or an uninformed voluntary departure, as opposed to a knowing acceptance of administrative voluntary departure. In *Tapia v. Gonzales*, 430 F.3d 997, 998 (9th Cir.2005), we "conclude[d] that being turned away at the border by immigration officials does not have the same effect as an administrative voluntary departure and does not itself interrupt the accrual of an alien's continuous physical presence." Similarly, in *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 619 (9th Cir.2006), we held that voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of and accepts the terms of the removal. Accordingly, we grant his petition for review and remand for further fact-finding consistent with *Tapia* and *Ibarra–Flores*.

Petitioners' remaining contentions are without merit.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part, and GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.